JOSETTE LARIVIERE *versus* JOSEPH CAMPAU (GABRIEL CHENE, ADMINISTRATOR, ETC., OF JOSETTE LARIVIERE, *versus* JOSEPH CAMPAU)

July 10, 1828

John L. Leib, attorney for plaintiff (defendant in error).
Alexander D. Fraser, attorney for defendant (plaintiff in error).

## [NOTES IN THE HANDWRITING OF JUDGE WOODBRIDGE]

### I

*Cause* of Action survives— & there is *no other* mode of enforcing the claim appearance— never making objection to the modus operandi— waives the difficulty if there were any.

But by the revolution, the *Com. Law* was lopped off.

Yet even under the authorities read— the Judges sustained the act$^n$ in behalf of the Exec$^r$ of the person injured: altho' by the same law, the action might not have been sustained vs the Rep$^e$ of the wrongdoer if *he* had died. Latch. 168. Cowp 373  4 Dal 108

All rights waived because party did not urge his objection before & all facts are to be presumed 3 Bur. 1725—9 1 Wils. 225  2 Stra. 1180

Deft. cant take objection of his own mispleading 13 John 561  12 do 353.

## II

*Exclusive* property a political, not a natural right— Its qualities of alienability & desendability are subjects proper for legislation  This is true a fortiori of rights not accompanied by possession— & especially of that incorporeal & purely political right to obtain redress for an injury sustained

It is conceded that at Com. Law this right to redress for an injury sustained not founded on a breach of contract dies with the party— & the Com Law rule as regards personal property is perhaps universal 1 Saund. 216  The whole body of the Com Law— so far as it consists with our peculiar Gov$^t$ & with our own Stat. Law & with the altered condition of society, I have always considered as in full force here.

The Stat. of 4th Ed. 3 is introductive of new law & does not I apprehend possess any force here

It must follow that the action of Trover which supposes a wrong done to the dec$^d$ by the conversion of his personal property in his lifetime cannot be sustained

Whether there be any other mode of relief to the Ad$^r$ is not a question necessarily involved in the case— but no difficulty is at present perceived in the way obtaining adequate redress either by detinue— or perhaps trover founded upon the property of the administor & the detention or the conversion charged as against him

### [OPINION IN THE HANDWRITING OF JUDGE SIBLEY]

#### Chesne adm$^r$ vs Campau.

Action Trover & verdict for Pltff—

It is not Contended that the def$^t$ in any step of the proceedings prior to the Verdict, interposed any objections to the form of the Action, or the competency of the Pltff as adm$^r$ to sustain it— Judg$^t$ was entered on the virdict by the Court below & the Cause has been removed from that Court by writ of error—

The question presented is, Is there any error in the Record— If so is it such error, that the Court must reverse the Judgment?— The deft Counsel has assigned three errors— The principle one, and the one on which he has mainly relied in his argument is, That an action of Trover is in its form, an action of Tort, and that therefore it dies or is lost by the Death of the Pltffs intestate, that it does not survive to the administrator, nor is it competent to prosecute said action—

In support of his proposition he relies on the old Common Law Maxim, that *Actio personalis, moritur cum persona*  It is not contended but such was the ancient maxim of the Law, nor but that the same maxim is now the common Law to a limited extent  But that it is in force to the extent it imports, is denied—

At what time that maxim was laid down, does not appear— It is evident that it is of high antiquity, probably coeval with the Saxon Heptarchy— Whether the maxim when first interwoven into the Common law, was adhered to and acted on to the utmost limits it imports, is doubtful— I am inclined to believe that it was a practical exposition of the Com. Law as it then stood— It is evident that it embraced that class of actions in which the trial by Battle or wager of Law was allowed as debt &$^c$  it also embraced all actions of Trespass in which a Breach of the public peace is supposed, and others founded on personal injuries, and also the old action of account—

Whatever might have been the operation of the maxim in those ancient times, and however universal in its application It is now narrowed down in England by

their laws, so as to embrace that class of actions only which are strictly personal and in which the right of property is not in contest—

How this change of that maxim has been accomplished in that Country does not always appear, nor the time when the alterations were made— The rigid principles of the Common law, have been gradually relaxing and becoming obsolete in England as the condition of the society has changed— The decissions of the Courts in that Country, have done much in aid of Legislation to bring about such a change in the Common Law, as to render it almost a new Code of Laws when compared with, what it was in practice, under the Saxon and Norman dynasties—

The action of Trover, as now made use of, is comparitively of a modern invention In practice it is substituted for the action of detinue— Its province is simply to try the right of personal property— It admits the property rightfully in the hands of the defendant—but denies his right to detain it, or to appropriate it to his own use and advantage— The question submitted for trial in the action of trover is the right of property— And where the Pltff establishes his right to the property, and the defendant cannot shew a Legal reason for withholding it, the verdict gives the value of the property in damages, thereby changing the ownership in the property and extinguishing the Pltffs claim thereto—

There is no essential difference in the result of a trial in Trover and on contract, where a Breach of an agreement is alledged— The defendant is charged with a wrong in both cases, the one in withholding the property and the other the payment or damages claimed— In the first case the verdict changes the property, and in the latter it puts an end to the Contract— Had the present action fallen into the latter discription of actions there could have been no question but it would have survived to the adm$^r$ And I contend, that upon principle, there is no good and satisfactory reason that can be urged, why the present action does not survive, or why the adm$^r$ should not be allowed to prosecute it to Judgment and satisfaction in the same manner as tho it had its origin in contract The def$^{ts}$ counsel in his argument admitted, that a right to recover the value of the Property exists in the Pltff— But contends that the present is not the appropriate remedy— If the argument of the Counsel is correct and that the law is as stated, It follows that the cause on which this action is founded does survive to the administrator— If so, the objection to maintaining this action is a technical one— This admission places the question on its proper grounds—and it is in that light I am disposed to consider it—

In England prior to the passing the statute of Edward the 3$^d$ an adm$^r$ had no legal remedy for the recovery of damages for taking and carrying away the personal property of the deceased in his lifetime— That statute was a remedial statute, made in aid of the Com. Law— and altho the action of trover as now used does not appear embraced within the letter of the act, yet the Courts of Law have given a liberal Construction to the statute, and such an one as should embrace the evil intended to be remedied— And since the passing of that Statute an action of Trover in favor of the adm$^r$ in a case like the present, has uniformly been supported — all doubts and difficulties were then removed— and the common law was by that act altered, and has never since that time been restored in England—

A question arises, and which it is necessary to meet at this time— which is— Is the Com Law of England in force in the Territory of Michigan? If so at what point of time was it adopted?— I think there can be no question doubt but that the comon law, at least so much thereof as is applicable to the state of our society, is in force, and that it was given to us by the ordinance of 1787. The date of that ordinance, In my opinion is the point of time at which we must enquire, what was

the common Law, and such as we find it was on that day, it is in force in the Ter$^y$ unless altered since by positive enactments or statute Laws of the Territory—

What was the Common Law referred to by the Ordinance? I consider it to have been that system of Laws, which is put in opposition to the Civil Law, both as to the principles governing property and civil rights, as well as the modes to be pursued in inforcing those rights and such as were generally recognized in the United States, as having acquired their obligation whilst we were a part of the realms of Great Britain—

How the Com. Law, became the law of the Country, or how or when introduced is not essential to the present question— I am however inclined to the opinion of Sir Will$^m$ Blackston, as he derives the origin of the Com Law, so far as the same has been recognized in the British Colonies— Neither a civil or political society can exist without Laws which shall define and protect the personal rights of the individuals who constitute the society— It is but reasonable to suppose that when a Body of Citizens emigrate into a new Country, not previously occupied, they tacitly assent to take with them, such parts of the laws in force in the parent country as may be applicable to the new situation— The exact extent of the laws so tacitly taken along with the Colony Cannot be defined— The Courts are Constantly drawing from the same fountain in aid of their adjudications of questions as they arise— The right to draw upon the common law is admitted, and may be carried to the extent of introducing the entire body of. that Law, if the Interest and Convenience of the new society require it— I am not to be understood as intimating that the Local laws of the parent Country are to be brought into force in this way— If they are brought into force, it must be by express enactments—

In order to settle what p[art] of the Com. Law, was in force in the United States at the time the ordinance was passed, is not easily an[swered]  The opinions of Men have differed on this point, and I have never seen an adjudicated Case that purpor[ted] to settle the question— The dificulty arises from the non agreement as to the time we are to fix on as the last moment, when we were authorized to draw principles & maxims from what is considered and admitted to be the British common law— I call it British law, because it is now and always has been in force in that country, and to the exception of the U S. and the British Colonies, it is not in force I believe in any other Country—

In order to support the present argument, I assume it as a fact, that the Com Law guaranteed to us by the ordinance of 1787 is the same body of Com Law, which was understood and admitted to be in force on the day these United States declared themselves independent of the British Crown, and ceased to be Colonies and a part of the British Empire.

The question then as applying to the present case, is, was the maxim of the Com. Law that *Actio personalis moritur cum persona*, in force at that period of time in extensio or so far as to embrace the present action— would the Com. Law as acted on, at that day have warranted the adm$^r$ to support the present action?— I apprehend It will not be contended but that the action might have been well maintained in England at that time and also at this time, But it is contended that the action in that Country was given by a statute, and that the operation of that statute was Local and confined to England— It is admitted that the statute altered the Com Law in that Country, and that the law continues there to this day so altered.—

The statute alluded to was past in the 4 year of Edw$^d$ the first, a period anterior to the colonizing of the present United States by great Britain— How then, I would ask could it be brought into the Colonies, consistent with the doctrine that the

Com— Law, in force in the mother Country, at the time of the emigration, is a lone brought out and only so much thereof as is applicable to their convenience or necessities?—

Could they take with them any principle, as Law, which had ceased to be Law— I contend not— They could take nothing with them but the law of the land— They were compelled to draw from the Com. Law, as they found it settled at the time they used it— And I do not Consider it material, in what way the principles of the C. Law have been settled, whether by usages, custom, statute or Judicial decissions of Courts— In whatever mode a change has been accomplished, is in · my view, so long as the change has been acquiesced in, a part of the Com. Law in a modified and improved state— Such alteration and improvement having been made in the maxim relied on, at the time the Com— Law was brought to bear on the rights and persons of this Territory as to take the Case out of the influence or operation of the maxim, I think that the present case is not nor ought to be affected by it—

Having disposed of the maxim relied on in argument as interposing a Bar to the present action, I will now refer to the statute of the Ter$^y$ which I think embraces the Case— I refer to the act directing to mode of settling the estates of deceased persons Se$^t$ 10 & pa. 41— That provision of the statute authorises an adm$^r$ to come into court & prosecute an action Commenced by the intestate provided the *Cause* of action doth by Law survive— The question arising under the statute is, does the Cause of action in the present instance survive? If it does there is an end to the oposition and the Judg$^t$ must be confirmed, unless other cause exists for reversing it—

I am of the opinion that the Cause of action at law doth survive—

1 Because it is not embraced in the Maxim relied on as settled in the Com Law as adopted & applied by the ordinance of 1787.

2$^d$ Because the action and the Cause of action, are not synonimous— They are distinct propositions and independent of each other— I consider the cause of action to be the subject matter on which the action opperates— The one is the subject matter in dispute— The other relates to the manner of bringing the matter under debate, and is nothing more nor less than the remedy prescribed by Law leading to the trial and adjudication— I understand the def$^{ts}$ Counsel to have admitted that the Cause of Litigation survives that the right to the property is not lost by the death of the original pltff and that the adm$^r$ as the representative of the deceased has a good cause of action, one on which in another form of action he may recover— If the position is correct, why turn the adm$^r$ round & compel him to bring another suit, when the Cause of action does survive— If any technical dificulty ever stood in the way of a recovery, that dificulty has been removed by our o[wn] statute, as I construe it—

I therefore am of opinion th[at] the the objection to the verdict and judgment, on the grounds alledged in the first exception be overruled—

As to the 2$^d$ Exception— That the adm$^r$ was not regularly made a party to the action

I think the def$^t$ is too late in making that objection— by his own acts he has admitted the present Pltff well in Court.

The third exception was not relied on in argument  If the defect existed in the delaration, the finding of the jury for the pltff and assessing of damages, has probably cured that defect— If it was considered a fatal defect why was not a demurrer put in instead of pleading to the merits?

313

I would make one further remark in reference to the authorities read at the Bar by the def[ts] Counsel— That so far as I have perused or recollect those authorities from hearing them read, they apply to the Case of an executor or adm[r] made def[t] for a Tort committed by the deceased in his lifetime—

Those authorities do not have any direct bearing on the Case before the Court as the the alteration of the Com Law by the statute of Edw[d] does not embrace the cases of adm[r] made def[t] their liabilities are the same as before the passing that act so far as the Com. Law is Concerned— I think however that a fair and liberal construction of our own statute would embrace the legal representatives when defendants in an action of trover, which is in fact nothing more than a Civil action to try the right to property— It is in practice no more an action of tort than an action in Case on assumpsit—

I think the Judg[t] should be confirmed—

in the Case of Hambly et al. assignees of Moon vs Trott adm[r] reported in Cowper 372. Kirby in argument for the def[t] admitted that Trover might have been maintained by the adm[r] altho it could not acquit him and cites popham 31. Hughes vs Robotham also Le Mason vs Dixon same authority pa. 139.— which he contended was the true distinction— The position was not changed by the Court or opposite counsel—